IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OMEGA APPAREL INCORPORATED, ) ) Plaintiff, ) ) vs. ) ) ABF FREIGHT SYSTEM, INC., ) ) Defendant. ) | Civil Action No: _____ Jury Trial Demanded |

## COMPLAINT

Comes the Plaintiff, Omega Apparel Incorporated, by and through counsel, and for its cause of action would respectfully show unto the Court:

### PARTIES AND JURISDICTION

1. The Plaintiff, Omega Apparel Incorporated ("Omega"), is a corporation incorporated under the laws of the State of Tennessee, with its principal place of business located in Smithville, Tennessee. Omega is duly licensed and qualified to do business in the State of Tennessee.

2. The Defendant, ABF Freight System, Inc. ("ABF") is a corporation incorporated under the laws of the State of Arkansas that, at all times material to the allegations herein, was doing business in the State of Tennessee. ABF may be served with process through its registered agent for service of process in the State of Tennessee, C. T. Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929.

3. The amount of controversy in this matter exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. This lawsuit arises out of an agreement that was entered into between Omega and ABF within the State of Tennessee, actions that were performed pursuant to that agreement in the State of Tennessee, and certain wrongful conduct of ABF in breach of the parties' agreement occurring in the State of Tennessee.

5. Pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 49 U.S.C.A. § 14706(d), jurisdiction and venue is proper before this Court.

**FACTS**

6. In or around April 2010, Omega and ABF entered into an agreement (the "Agreement").

7. Pursuant to the terms of the Agreement, Omega tendered certain good and valuable consideration to ABF. In exchange, ABF agreed to transport Fifteen Thousand Four Hundred and Seventy-Eight (15,478) yards of cloth wool (the "Material") to Omega's facility in Smithville, Tennessee, and to timely deliver the Material in good, undamaged, and acceptable condition.

8. Omega performed all of its obligations under the Agreement.

9. ABF took possession of the Material on or about April 26, 2010.

10. At the time ABF took possession of the Material, it was located in Lansing, Michigan.

11. A Straight Bill of Lading was executed relative to the shipment of the Material. A copy of the Straight Bill of Lading is attached hereto as <u>Exhibit A</u>.

12. While the Material was in ABF's possession, custody, and control and was located at one of ABF's facilities in Davidson County, Tennessee, the Material sustained substantial water damage and was rendered worthless and unsalvageable.

13. ABF failed to take reasonable, necessary, and appropriate actions to protect and safeguard the Material while it was in ABF's possession, custody, and control.

14. ABF failed to timely deliver the Material to Omega's facility in Smithville, Tennessee, in an acceptable, undamaged, and unspoiled condition.

15. The replacement cost of the Material is Two Hundred One Thousand Nine Hundred Eighty-Seven Dollars and Ninety Cents ($201,987.90).

## Count 1 – Breach of Contract

16. Omega incorporates the allegations set forth in paragraphs 1-15 of the Complaint as if restated herein in their entirety.

17. The Agreement entered into between ABF and Omega constitutes a valid legal contract.

18. ABF breached the Agreement by failing to timely deliver the Material to Omega's facility in an acceptable, undamaged, and unspoiled condition.

19. ABF breached the Agreement by failing to take reasonable, necessary, and appropriate actions to protect and safeguard the Material while it was in ABF's possession, custody, and control.

20. As a direct and proximate result of ABF's breach of the Agreement, Omega has sustained damages in excess of Two Hundred One Thousand Nine Hundred Eighty-Seven Dollars and Ninety Cents ($201,987.90).

## Count 2 – Negligence

21. Omega incorporates the allegations set forth in paragraphs 1-20 of the Complaint as if restated herein in their entirety.

22. ABF had a duty to protect and safeguard the Material while it was in ABF's possession, custody, and control and to timely deliver the Material to Omega's facility in an acceptable, undamaged, and unspoiled condition.

23. ABF failed to exercise reasonable care to protect and safeguard the Material while it was in ABF's possession, custody, and control.

24. ABF failed to exercise reasonable care to ensure that the Material would be timely delivered to Omega's facility in an acceptable, undamaged, and unspoiled condition.

25. ABF breached its duties to Omega.

26. As a direct and proximate result of ABF's negligence, Omega has sustained damages in excess of Two Hundred One Thousand Nine Hundred Eighty-Seven Dollars and Ninety Cents ($201,987.90).

**Count 3 – Liability under the Carmack Amendment to the Interstate Commerce Act**

27. Omega incorporates the allegations set forth in paragraphs 1-26 of the Complaint as if restated herein in their entirety.

28. ABF is a carrier subject to liability under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C § 14706 (the "Carmack Amendment").

29. ABF took possession of the Material in Lansing, Michigan, on or about April 26, 2010.

30. The Material was in good condition when ABF took possession of the Material.

31. The Material was damaged while in ABF's possession, custody, and control and was not timely delivered by ABF to Omega in acceptable, undamaged, and unspoiled condition.

32. As a direct and proximate result of ABF's failure to protect and safeguard the Material and failure to timely deliver the Material in good, acceptable, and undamaged condition,

Omega has sustained damages in excess of Two Hundred One Thousand Nine Hundred Eighty-Seven Dollars and Ninety Cents ($201,987.90), which are recoverable by Omega from ABF pursuant to the Carmack Amendment.

WHEREFORE, Plaintiff prays as follows:

1. That process issue and be served on Defendant.

2. That a judgment be entered against Defendant for general damages as a result of Defendant's breach of contract in an amount not less than Two Hundred One Thousand Nine Hundred Eighty-Seven Dollars and Ninety Cents ($201,987.90).

3. That Plaintiff be awarded compensatory damages as a result of the negligent acts and/or conduct of Defendant in an amount not less than Two Hundred One Thousand Nine Hundred Eighty-Seven Dollars and Ninety Cents ($201,987.90).

4. That, pursuant to Plaintiff's claim against Defendant under the Carmack Amendment, Plaintiff be awarded damages in an amount not less than Two Hundred One Thousand Nine Hundred Eighty-Seven Dollars and Ninety Cents ($201,987.90).

5. That Plaintiff be awarded its discretionary costs and fees, if and to the fullest extent allowed by any applicable law.

6. That Plaintiff be awarded all other incidental expenses that Plaintiff has incurred.

7. That Plaintiff be awarded pre-judgment and post-judgment interest according to law.

8. That all costs be assessed against Defendant.

9. That the issues herein joined be tried by a jury.

10. That Plaintiff be awarded any other or further relief to which Plaintiff may be entitled.

5

Case 2:11-cv-00031  Document 1  Filed 03/21/11  Page 5 of 6 PageID #: 5

Respectfully submitted,

GRANT, KONVALINKA & HARRISON, P.C.

By: _____
      David M. Elliott (BPR #17966)
      Thomas M. Gautreaux (BPR #23636)
      *Attorneys for Plaintiff*
      Ninth Floor, Republic Centre
      633 Chestnut Street
      Chattanooga, Tennessee 37450-0900
      423-756-8400
      423-756-6518 (Facsimile)

P:\Folders I-Z\0178\011\Complaint.doc