**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **OMEGA APPAREL INCORPORATED** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| Vs. | ) | Civil Action No. 2:11-0031 |
| | ) | JUDGE SHARP |
| **ABF FREIGHT SYSTEM, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CASE MANAGEMENT ORDER**

**I. Jurisdiction, Venue and Service**

Jurisdiction exists pursuant to 28 U.S.C. § 1332(a) and 49 U.S.C. § 14706(d). Venue is proper pursuant to 28 U.S.C. § 1391(a)(2). Defendant has been served with process. Jurisdiction, venue and service are not disputed. Defendant has filed an Answer to the Complaint.

**II. Parties' Theories of the Case**

    **A. Plaintiff's Theory of the Case**

In April 2010, the Plaintiff, Omega Apparel Incorporated ("Omega"), a Tennessee corporation, entered into a contractual agreement (the "Agreement") with Defendant, ABF Freight System, Inc. ("ABF"), an Arkansas corporation. Pursuant to the terms of the Agreement, Omega tendered certain good and valuable consideration to ABF. In exchange, ABF agreed to transport Fifteen Thousand Four Hundred and Seventy-Eight (15,478) yards of cloth wool (the "Material") to Omega's facility in Smithville, Tennessee, and to timely deliver the Material in good, undamaged, and acceptable condition.

ABF took possession of the Material on or about April 26, 2010 in Lansing, Michigan. A Straight Bill of Lading was executed relative to the shipment of the Material. While the Material was in ABF's possession, custody, and control and was located at one of ABF's facilities in Davidson County, Tennessee, the Material sustained substantial water damage and was rendered worthless and unsalvageable.

Plaintiff avers that ABF failed to take reasonable, necessary, and appropriate actions to protect and safeguard the Material while it was in ABF's possession, custody, and control. Further, Plaintiff contends that ABF failed to timely deliver the Material to Omega's facility in Smithville, Tennessee, in an acceptable, undamaged, and unspoiled condition. The replacement cost of the Material is Two Hundred One Thousand Nine Hundred Eighty-Seven Dollars and Ninety Cents ($201,987.90).

ABF is a carrier subject to liability under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C § 14706 (the "Carmack Amendment"). The Material was in good condition when ABF took possession of the Material in Lansing, Michigan on April 26, 2010. The Material was damaged while in ABF's possession, custody, and control and was not timely delivered by ABF to Omega in acceptable, undamaged, and unspoiled condition. As a direct and proximate result of ABF's failure to protect and safeguard the Material and failure to timely deliver the Material in good, acceptable, and undamaged condition, Omega has sustained damages in excess of Two Hundred One Thousand Nine Hundred Eighty-Seven Dollars and Ninety Cents ($201,987.90).

Omega contends that, pursuant to the Carmack Amendment, the burden of proof is upon ABF to demonstrate that it was completely free from negligence in this matter. Omega believes

that ABF will be unable to satisfy its burden of proof in this regard. Accordingly, Omega is entitled to a judgment against ABF in an amount to compensate it for its losses.

### B. Defendant's Theory of the Case

ABF admits that it entered into an agreement with Omega to perform certain transportation services and expressly avers that the goods at issue were transported pursuant to the applicable Bill of Lading which incorporated the terms and conditions of the Uniform Bill of Lading and the carrier tariffs. Despite Omega's allegations to the contrary, ABF avers that Omega's shipment was in transit for delivery with reasonable dispatch. ABF further asserts that the terms of the Uniform Bill of Lading and the carrier tariffs control this transaction. Specifically, the terms and conditions of the Bill of Lading and/or carrier tariffs limits ABF's liability, if any, for damage to goods in transit.

Furthermore, ABF asserts that, on or about May 1, 2011, the Middle Tennessee area (including the ABF facility in Nashville, Tennessee), experienced a 500-year flood. This unforeseen natural disaster, which could not have been prevented by ABF, constitutes an Act of God, for which ABF is not responsible. As a result, ABF cannot be found liable to Omega for any alleged damage to Omega's goods as a result of this unforeseen Act of God.

## III. Schedule of Pretrial Proceedings

### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures on or before **August 31, 2011**.

### B. Settlement Prospects and the Meeting of Counsel and Parties to Discuss Settlement Prospects

At this time, a possibility exists for the resolution of this case pursuant to a settlement of Plaintiff's claims. At this time, the parties are unable to determine whether or not alternative

dispute resolution techniques are necessary. By close of business on **October 31, 2011**, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

    C.    **Other Pretrial Discovery Matters**

As determined at the case management conference on August 10, 2011, this action is set for trial on December 18, 2012, at 9:00 a.m. in COOKEVILLE before the Honorable Kevin H. Sharp. The parties anticipate that the trial in this matter could last between 1-2 days. The parties do not foresee the need for adopting special procedures as a result of any unusual proof problems, complexity of issues, multiple parties, or difficult dispositive issues.

.

.

.

A pretrial conference shall be held on November 26, 2012, at 1:30 p.m. in NASHVILLE. A proposed pretrial order shall be submitted at the pretrial conference.

Discovery may be needed into the damages claimed by Omega, the basis of Omega's claim against ABF under the Carmack Amendment, and any defenses asserted by ABF. Many of the discoverable documents and materials and/or fact witnesses are located in Illinois and, as a

result, this case may present some out-of-state discovery issues. Further, some discoverable materials may be maintained electronically. The parties agree that electronically stored information may be produced in paper form or in a mutually agreeable electronic format. At this time, the parties do not see the need to limit the number of depositions that may be taken or the number of requests for production that may be submitted in this case. The parties do not see the need for any protective orders or for any stay of discovery at this time.

Notwithstanding the foregoing, all discovery, with the exception of expert discovery, shall be completed on or before **April 30, 2012**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **April 30, 2012**. All discovery-related motions shall be filed on or before **May 10, 2012**.

.

.

All dispositive motions shall be filed on or before **July 16, 2012,** and any response thereto shall be filed on or before 21 days after the filing of the Motion. Any reply shall be filed on or before 14 days after the filing of the Response.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to thirty-five (35) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number.

.

On or before **April 30, 2012**, the Plaintiff shall declare to the Defendant (not to file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B). On or before **May 31, 2012** the Defendant shall

declare to the Plaintiff (not to file with the Court) the identity of its expert witnesses and provide all the information specified in rule 26(a)(2)(B). Any supplements to expert reports shall be filed on or before **June 15, 2012**. Any rebuttal experts shall be disclosed on or before **June 29, 2012**. The deadline for filing Motions to Amend the Pleadings is December 10, 2011.

**IV.   Additional Matters**

No substantive issues have yet been resolved among the parties. The material issues that remain to be resolved are: (1) whether the Defendant is liable for Plaintiff's damages under the Carmack Amendment; and (2) the amount of Damages, if any, to which Plaintiff is entitled. At this time, there does not appear to be a need for counterclaims, cross-claims, third-party claims, amended pleadings, joinder of parties and/or claims, or class action certification. There does not appear to be the need for the resolution of any issues arising from Rules 13-15, Rules 17-21, and Rule 23 of the *Federal Rules of Civil Procedure*.

It is so **ORDERED**.

**ENTERED** this the ____ day of _____, 2011.

_____
E. Clifton Knowles
United States Magistrate Judge